**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MARK R. FERRAN and MARIA R. SWIENCICKY**

                        **Plaintiffs,**

      **v.**                                 **1:04-CV-0309**
                                              **(GLS/DRH)**

**WAL-MART STORES, INC.; JOHN MANUFACTURING, LTD.; VECTOR MANUFACTURING, LTD.; and SHARPER IMAGE CORPORATION,**

                        **Defendants.**

| APPEARANCES: | OF COUNSEL: |
|---|---|

**FOR THE PLAINTIFFS:**

MARK R. FERRAN &
MARIA R. SWIENCICKY
Plaintiffs, *Pro se*
36 Winnie Street
Albany, New York 12208

**FOR THE DEFENDANTS:**

| | |
|---|---|
| For Walmart | PETER J. McHUGH, ESQ. |
| Cozen, O'Connor Law Firm | |
| 45 Broadway Atrium | |
| 16th Floor | |
| New York, New York 10016 | |
| | |
| For Vector | MARK W. BLANCHFIELD, ESQ. |
| Bouck, Holloway Law Firm | |

107 Columbia Street
Albany, New York 12210

For Sharper Image                          KRIS T. JACKSTADT, ESQ.
Office of Kris Jackstadt
P.O. Box 12699
Albany, New York 12212

John Manufacturing, Ltd.[1]               [No appearance]

**Gary L. Sharpe**
**United States District Judge**

# DECISION AND ORDER

## I.  INTRODUCTION

*Pro se* plaintiffs Mark R. Ferran and Maria R. Swiencicky filed this action against Vector Manufacturing, Inc. and other codefendants for property damage and personal injury arising from a fire caused by defendants' electrical products.  Currently before the court is a motion to dismiss the complaint by Vector for lack of personal jurisdiction and a cross-motion to sever or transfer this case by Ferran and Swiencicky.  For the following reasons, the motions are **DENIED as MOOT** and the entire case is **TRANSFERRED** to the District Court in the Southern District of

---

[1] Ferran and Swiencicky have withdrawn their claims against John Manufacturing, Ltd. *See* Pl.s' Br. p. 1 n.1, Dkt. No. 28.  The Clerk of the Court is hereby ordered to terminate this defendant from the case prior to transferring the case.

2

Florida.

## II.  PROCEDURAL HISTORY

On March 22, 2004, this action was filed under the diversity jurisdiction of this court.  *See Compl., Dkt. No. 1.*  Specifically, Ferran and Swiencicky assert causes of action for products liability and breach of warranties against Vector.  *See id. ¶¶ 100, 117.*  On September 30, Vector filed a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2) or in the alternative, seeking a more definite statement of the allegations in the complaint.  *See Dkt. No. 8.*  Ferran and Swiencicky opposed this motion and inappropriately sought leave to amend their complaint within their opposition papers.  *See Dkt. No. 12.*  Although their request failed to comply with the motion filing requirements of N.D.N.Y. L.R. 7.1, the court denied Vector's motion to dismiss without prejudice and granted leave to amend the complaint.  *See Dkt. No. 9.*

On December 16, plaintiffs filed an amended complaint.  *See Am. Compl., Dkt. No. 15.*  Thereafter, Vector filed a motion to dismiss the complaint for lack of personal jurisdiction including affidavits.  *See Dkt. No. 16; see also Powell Aff., Dkt. Nos. 17, 23.*  In response, Ferran and Swiencicky requested that the court deny the motion or in the alternative,

3

transfer the claims against Vector to Florida.  *See Dkt. No. 22.*

On August 10, 2005, the court issued a text order directing the parties to address the issue of transferring the entire case to the District Court in Florida.  *See 08/10/05 Text Order.*  Specifically, Ferran and Swiencicky were directed to advise this court of their respective positions on the court's *sua sponte* transfer of this case.  *See id.*  All the parties have now complied and have briefed the issue for the court.  *See Dkt. Nos. 26, 27, 28.*

While Vector contends that this court should grant the motion to dismiss, they conceded that this court can transfer the case regardless of whether personal jurisdiction exists over all the defendants.  In addition, Vector argues that the Southern District of Florida is the most appropriate venue.  Defendant Walmart also requests that the entire action be transferred to Florida and the plaintiffs do not object to the transfer.  Accordingly, this case is transferred to the District Court in the Southern District of Florida.

Wherefore, it is

**ORDERED** that Vector's motion to dismiss is **DENIED** as **MOOT**; and it is further

4

**ORDERED** that plaintiffs' cross-motion to sever is **DENIED** as **MOOT**; and it is further

**ORDERED** that this entire case be transferred to the District Court in the Southern District of Florida.

**SO ORDERED.**

September 28, 2005
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge